UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------------------------X
CODY GREENE,

               Plaintiff                                       Civil Action No.

vs.

THE CITY OF NORWALK, P.O. STEVEN LUCIANO,
Badge No. L020, Individually and in his Official Capacity,
P.O. FELIPE TABORDA, Badge No. T014, Individually
and in his Official Capacity, P.O. ADAM MULKERN,
Badge No. M044, Individually and in his Official Capacity,
and P.O. JULIO RODRIGUEZ, Badge No. R023, Individually
and in his Official Capacity,

               Defendants                              July 16, 2014

-------------------------------------------------------------------------------------X

## COMPLAINT AND JURY DEMAND

      Plaintiff, CODY GREENE, by his attorney, PHILIP D. RUSSELL, complaining

of the Defendants respectfully alleges as follows,

### PRELIMINARY STATEMENT

      1.  Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to U.S.C. § 1083 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitution of the State of Connecticut and the

United States.

### JURISDICTION

      2.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. 1988 and the First,

Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367

## VENUE

4.   Venue is properly laid in the District of Connecticut under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.   Plaintiff, CODY GREENE, is a citizen of the United States, and at all relevant times a resident of the City of Norwalk, and State of Connecticut.

7.   Defendant, CITY OF NORWALK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of Connecticut.

8.   Defendant, CITY OF NORWALK, maintains the Norwalk Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per applicable sections of the Connecticut General Statues, acting under the direction and supervision of the aforementioned municipal corporation, The City of Norwalk.

9.   That at all times hereinafter mentioned, the individually named Defendants, P.O. STEVEN LUCIANO, P.O. FELIPE TABORDA, P.O. ADAM MULKERN, and P.O. JULIO RODRIQUEZ, were duly sworn officers of said department and were acting under the supervision of said department and according to their official duties.

10. That all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under the color of state law and/or compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of Connecticut or City of Norwalk.

2

11. Each and all of the acts of the individual Defendants alleged herein were done by said Defendants while acting within the scope of their employment by the Defendant CITY OF NORWALK.

12. Each and all of the acts of the individual Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by the Defendant CITY OF NORWALK.

13. At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other individual Defendants but each individual Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

**FACTS**

14. On July 18, 2012 at approximately 8:30 p.m. , Plaintiff CODY GREENE went to visit his friend who lived at 16 School Street, Building #4, Apt. #2 in the County of Fairfield, City of Norwalk, and State of Connecticut.

15. Plaintiff CODY GREENE was knocking on his friend's apartment door when a black vehicle with tinted windows pulled up next to him and the four individual Defendants all dressed in black exited the vehicle and surrounded him, and began asking him questions.

16. At no point in time did the individual Defendants identify themselves as police officers, nor were the individual Defendants wearing and/or displaying any clothing or badging that identified them as such.

17. At that point, and for no reason, Defendant MULKERN attempted to "pat down" the Plaintiff.

3

18. The Plaintiff fearful of the position he was being placed in ran from the scene.

19. The individual Defendants engaged in a foot pursuit with the Plaintiff.

20. At no time during the foot pursuit did the individual Defendants identify themselves as police officers.

21. During the foot pursuit, Defendant MULKERN took out his gun and pointed it at the Plaintiff.

22. During the foot pursuit, Defendant RODRIQUEZ deployed his department issued Taser and tased the Plaintiff.

23. The Plaintiff tired, tased, and staggering fell with his arms outstretched onto a grassy area next to the driveway of the AT&T building which was located at or near the intersection of School Street and Main Street in Norwalk, Connecticut.

24. Thereafter, Defendant LUCIANO rolled the Plaintiff over on his back, placed his knees on the Plaintiff's outstretched arms, sat on the Plaintiff's chest, and beat the Plaintiff's head and face numerous times with closed fists and elbows.

25. During the beating the Plaintiff lost consciousness.

26. As a direct result of beating the Plaintiff, Defendant LUCIANO sustained lacerations to his left hand and bruising to his right hand.

27. At no point in time did the Plaintiff resist or strike any of the individual Defendants.

28. Following the beating, the Plaintiff was rolled on his stomach and handcuffed by Defendant TABORDA.

29. Following the beating, and after being handcuffed, the Plaintiff was searched by Defendant LUCIANO and was found not to be in possession of any contraband or property related to the commission of any criminal offense.

4

30. At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other individual Defendants but each individual Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

31. Because of the injuries sustained, the Plaintiff was transported to Norwalk Hospital via ambulance, placed in a medically induced coma, placed in intensive care, and remained in the hospital for four (4) days.

32. As a result of the unlawful and wholly unjustified actions of the individual Defendants the Plaintiff sustained the following injuries:

   a.  Left orbital fracture;
   b.  Left upper jaw fracture;
   c.  Left lower jaw fracture;
   d.  Fractured nose;
   e.  Fractured septum;
   f.  Fractures to anterior, posterior and medial walls of maxillary sinus;
   g.  Left eye hemorrhage;
   h.  Diffuse axonal injury;
   i.  Hemorrhage in posterior temporal lobe of brain;
   j.  Cerebral concussion;
   k.  Post-concussion syndrome;
   l.  Traumatic brain injury;
   m. Post-traumatic stress disorder;
   n.  Stuttering disorder;
   o.  Right side, laceration of buccal mucosa with scarring;
   p.  Fracture of left zygomatic arch;
   q.  Fracture of left pterygoid plate;
   r.  Nerve damage to face and nose;
   s.  Central auditory processing disorder;
   t.  Post traumatic headaches
   u.  Nerve damage to face and nose;
   v.  Impaired balance and gait;
   w.  Post traumatic insomnia;
   x.  Facial numbness;
   y.  Darkening below left eye; and

z.  Deficits in attention, concentration, word finding, detailed orientation and short term memory.

33. Following the incident (i.e. foot chase), the individual Defendants miscommunicated to medical personnel that the Plaintiff injured himself from a fall in which he fell face down on concrete.

34. Following the incident (i.e. foot chase) the individual Defendants miscommunicated to medical personnel that the Plaintiff was in possession of marijuana and crack cocaine.

35. Following the incident (i.e. foot chase), the Plaintiff was tested for the presence of alcohol and narcotics in his system, and all tests came back negative.

36. After leaving the hospital, the Plaintiff continued to suffer from blurred vision, mottled hearing, memory impairment, and walked with an unsteady gait.

37. The day after leaving Norwalk Hospital, the Plaintiff was brought to Greenwich Hospital because of his continued complaints. Greenwich Hospital medical personnel related the Plaintiff's problems to a direct blow and assault.

38. As a result of the broken jaw from the beating, the Plaintiff had his jaw wired shut from July 26, 2013 until September 19, 2013. During this period the Plaintiff was unable to eat solid food and lost 25 pounds.

39. As a further result of the injuries sustained in said beating, the Plaintiff now suffers with insomnia, nightmares, fearfulness of police, memory loss, a declining relationship with his father who is a Connecticut State Trooper, a change of appearance in nose and cheek, depression, stuttering, hearing problems, and such other symptoms associated with a traumatic brain injury.

40. As a further result of the Defendants' unlawful and wrongful conduct the Plaintiff was forced to incur expenses for hospitalization, x-rays, surgery, medical care and attention, therapy, pharmaceuticals, etc. all to the Plaintiff's further loss and damage, and it is reasonably

probable that the Plaintiff's injuries or some of them, will require future medical treatment and expenditures.

41. The Plaintiff's injuries, or some of them, will be permanent in nature and/or permanently disabling.

42. From all the injuries or effects thereof, the Plaintiff was rendered sore and disabled and is suffering and will continue to suffer from pain, discomfort, soreness, emotional upset, limitation of motion and restriction of activity.

43. As a further result of the Defendants' unlawful and wrongful conduct, the Plaintiff who was gainfully employed at the time of the above-mentioned incident, was unable to perform the usual duties of his occupation, and as a result has lost sums of money and wages, salaries and earnings.

44. As a further result of the Defendants' unlawful and wrongful conduct, it is reasonably probable that the Plaintiff's future earning capacity will be impaired.

45. After leaving the Plaintiff at the hospital,  and in order to cover up their unlawful and wrongful conduct, the individual Defendants prepared false, fraudulent and misleading incident reports, and  made false, fraudulent, and misleading statements to their superior officers and to the prosecuting attorney for Geographical Area No. 20 of the Superior Court. As a result of said false reports and statements, the Plaintiff was wrongfully charged with possession of marijuana, possession  with intent to sell, possession within 1500 feet of a school zone, assault on a police officer, interfering, and criminal trespass.

46. As a further result of the foregoing, Plaintiff sustained bodily injuries as previously set forth, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. All the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of state law.

49. All of the aforementioned acts deprived Plaintiff CODY GREENE of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

50. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Norwalk and the City of Norwalk Police Department, under all the supervision of ranking officers of said department.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The acts complained of deprived Plaintiff of his constitutional rights: (a) not to have excessive force imposed upon him; (b) not to have summary punishment imposed upon him; (c) to due process of law; (d) to equal protection of the law; (e) not to be subject to an unlawful search and seizure; and (f) not to be subject to malicious prosecution.

8

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The level of force employed by the individual Defendants was objectively unreasonable and in violation of the Plaintiff CODY GREENE's constitutional rights.

56. As a result of the foregoing, Plaintiff sustained, bodily injuries as previously set forth, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The individual Defendant(s) searched Plaintiff CODY GREENE in the absence of any individualized reasonable suspicion that the Plaintiff was concealing weapons or contraband.

59. As a result of the foregoing, Plaintiff CODY GREENE was subjected to an illegal and improper search.

60. The foregoing unlawful search violated Plaintiff CODY GREENE's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

61. Plaintiff repeats, reiterates  and realleges each and every allegation contained in Paragraphs "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants misrepresented and falsified evidence before the State's Attorney.

9

63. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff CODY GREENE.

64. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff CODY GREENE.

65. Defendants acted with malice in continuing criminal proceedings against Plaintiff CODY GREENE.

66. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

67. As a result of the foregoing, Plaintiff sustained loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

68. Plaintiff  repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff CODY GREENE.

70. Defendants issued legal process to place Plaintiff CODY GREENE under arrest.

71. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

72. Defendants acted with intent to do harm to Plaintiff CODY GREENE without excuse or justification.

73. As a result of the foregoing, Plaintiff sustained , loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

10

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "73" as if the same were more fully set forth at length herein.

75. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

76. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers pursuant to the customs, policies, usage, practices, procedures, and rules of the Defendant CITY OF NORWALK and the City of Norwalk Police Department, all under the supervision of ranking officers of said department.

77. The customs, policies, usages, practices, procedures and rules of the Defendant CITY OF NORWALK and the City of Norwalk Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff CODY GREENE.

78. The customs, policies, usages, practices, procedures and rules of the Defendant CITY OF NORWALK and the City of Norwalk Police Department were the direct and proximate cause of the constitutional violations suffered by the Plaintiff CODY GRRENE as alleged herein.

79. The customs, policies, usages, practices, procedures and rules of the Defendant CITY OF NORWALK and the City of Norwalk Police Department were the moving force behind the constitutional violations suffered by the Plaintiff CODY GREENE as alleged herein.

80. As a result of the customs, policies, usages, practices, procedures and rules of the Defendant CITY OF NORWALK and the City of Norwalk Police Department, Plaintiff CODY GREENE was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

11

81. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff CODY GREENE.

82. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff CODY GREENE'S constitutional rights.

83. All of the foregoing acts by Defendants deprived Plaintiff CODY GREENE of federally protected rights including, but not limited to, the right:

    a.  Not to have excessive force imposed upon him;

    b.  Not to have summary punishment imposed upon him;

    c.  To receive equal protection under the law; and

    d.  Not to be subject to unreasonable searches and seizures.

84. As a result of the foregoing, Plaintiff sustained, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**SEVENTH CLAIM FOR RELIEF**
**CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS**

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "84" as if the same were more fully set forth at length herein.

86. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution, detention of Plaintiff CODY GREENE.

87. Throughout the period of conspiracy, the Defendants pursued their objectives with actual malice toward Plaintiff, with utter indifference to and disregard for Plaintiff's rights under the Constitution and laws of the United States, without probable cause or reasonable cause to believe Plaintiff guilty of any crime.

88. Pursuant to the conspiracy, the Defendant conspirators, and their employees, agents

and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of the Plaintiff CODY GREENE: (a) manufactured false evidence; (b) pressured and induced witnesses to give untruthful, erroneous, incomplete and/or misleading statements; (c) failed to correct such false statements; and (d) withheld evidence favorable to the accused on the issue of guilt or innocence.

89. The aforesaid conduct of the Defendants operated to deprive Plaintiff CODY GREENE of important and well established rights under the Constitution and laws of the United States including, but not limited to, his rights:

(a) Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

(b) Not to be deprived of his liberty or to be arrested, indicated, or prosecuted based upon evidence fabricated by a government official; and

(c) Not to be deprived of his liberty or be arrested, prosecuted or imprisoned based upon the testimony of witnesses who had been illegally influenced for their testimony.

90. The foregoing violations of Plaintiff CODY GREENE'S constitutional rights by Defendants directly and proximately caused Plaintiff's arrest, detention, and deprivation of liberty.

### EIGHTH CLAIM FOR RELIEF
### ASSAULT AND BATTERY

91. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. In the matter described above, the individual Defendants deprived the Plaintiff

CODY GREENE of his right to be free from assault and battery, which right is secured to the Plaintiff by the Constitution and laws of the State of Connecticut.

93. As a result of the assault and battery, Plaintiff suffered the consequences of the injuries alleged herein.

### NINTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. The individual Defendants' aforesaid conduct created an unreasonable risk of causing the Plaintiff emotional distress.

96. The Plaintiff's distress was foreseeable.

97. The emotional distress was severe enough that it might result in illness or bodily harm.

98. The individual Defendants' conduct was the cause of the Plaintiff's distress.

99. By virtue of the foregoing conduct, the individual Defendants inflicted upon the Plaintiff severe emotional distress.

100. As a result of the foregoing conduct, the Plaintiff suffers and will continue to suffer from trauma, anxiety, fear, and trepidation.

101. As a result of the individual Defendants' conduct, the Plaintiff claims damages.

102. In the matter described above, the Defendant negligently inflicted emotional distress upon the Plaintiff in the performance of their police duties.

## TENTH CLAIM FOR RELIEF
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

103. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "102" with the same force and effect as if fully set forth herein.

104. The individual Defendants intended to inflict emotional distress upon the Plaintiff and/or they knew or should have known that emotional distress was the likely result of their conduct.

105. The individual Defendants' conduct was extreme and outrageous.

106. The individual Defendants' conduct was the cause of the Plaintiff's distress.

107. The emotional distress sustained by the Plaintiff was severe.

108. By virtue of the foregoing conduct, the Plaintiff suffers and will continue to suffer from trauma, anxiety, fear, and trepidation.

109. As a result of the individual Defendants' conduct, the Plaintiff claims damages.

110. By virtue of the foregoing, the DefendantS deprived the Plaintiff of his right to be free of the intentional infliction of severe emotional distress by means of outrageous conduct.

## ELEVENTH CLAIM FOR RELIEF
## <u>NEGLIGENCE</u>

111.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    The injuries, damages, and losses sustained by the Plaintiff CODY GREENE were caused by the negligence and carelessness of the Defendant, CITY OF NORWALK, in one or more of the following ways:

15

a.      IN THAT it failed to properly train the individual Defendants with regard to the proper use of force;

b.      IN THAT it failed to properly train the individual Defendants with regard to the proper use of tasers;

c.      IN THAT it failed to properly train the individual Defendants with regard to the proper use of firearms;

d.      IN THAT it failed to properly train the individual Defendants in the proper initiation and continuation of pursuits;

e.      IN THAT it failed to monitor, direct, and evaluate the need to pursue the Plaintiff CODY GREENE in a foot chase.

f.      IN THAT it failed to assist the individual Defendants in the safe performance of their duties;

g.      IN THAT it failed to properly screen the individual Defendant(s) for behavioral problems prior to hiring them.

h.      IN THAT it hired an individual Defendant(s) that had a history of problems and violence;

i.      IN THAT it failed to properly supervise the individual Defendants with regard to the incident in question;

j.      IN THAT it failed to properly supervise and train the individual Defendants and such failure was a deliberate indifference to the probable consequences or constituted an implicit authorization of such consequences;

k.      IN THAT it participates in customs that lead to violations of individual constitutional rights;

16

l.      IN THAT it acted with deliberate indifference to the constitutional rights of others;

m.      IN THAT it failed to enforce the law as it existed;

n.      IN THAT it failed to prevent its police officers from committing illegal actions when it knew or should have known such actions were taking place; and

o.      IN THAT it had notice of but repeatedly failed to make any meaningful investigation into charges that its police officers were repeatedly violating its citizen's constitutional rights.

**WHEREFORE,** the Plaintiff claims judgment against the Defendants and each of them as follows:

A. Compensatory damages in an amount this Court shall consider to be just reasonable and fair;

B. Punitive damages in an amount this Court shall consider to be just, reasonable and fair;

C. Attorney fees and the costs of this action;

D. Such other relief as this Court shall consider to be fair and equitable.


THE PLAINTIFF,
CODY GREENE


BY _____
Philip Russell, Esq.
Fed Bar No. CT03127
Attorney for Plaintiff
Philip Russell, LLC
66 Field Point Road
P.O. Box 1437
Greenwich, CT 06836
(203) 661-4200
E-Mail: attys@greenwichlegal.com