UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CODY GREENE, | : | |
|    Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:14-CV-01016 (VLB) |
| v. | : | |
| | : | |
| CITY OF NORWALK, et al, | : | March 1, 2016 |
|    Defendants | : | |

### MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [Dkt. #48]

I.    Introduction

Plaintiff Cody Greene ("Greene") brought this action on July 16, 2014 in an eleven count Complaint alleging various claims against the City of Norwalk (the "City") and four individual Police Officers employed by the City stemming from his arrest on July 18, 2012 and the alleged use of force by the officers involved in his arrest. [Dkt. No. 1]. On August 15, 2014, Defendants filed a Motion to Dismiss the Fourth Count (Abuse of Process) and Fifth Count (Malicious Prosecution) of the Complaint. [Dkt. No. 10]. The memorandum of law in support of the Motion to Dismiss contained just three pages of argument. *Id.* Defendants conflated the Fourth and Fifth Counts of the Complaint and argued only for dismissal of Plaintiff's malicious prosecution claim. *See Id.* at 1 ("[i]n the Fourth and Fifth Claims for Relief the plaintiff alleges that the defendants are liable upon a theory of malicious prosecution"). The sole argument in support of the Motion to

1

**Dismiss was that in order for a plaintiff to state a valid malicious prosecution claim, a plaintiff show "that the criminal proceedings were terminated in their favor."** *Id.* **at 3,** *citing Inkel v. Connecticut Dep't of Children & Families*, **421 F. Supp. 2d 513, 522 (D. Conn. 2006).  On September 4, 2014, Plaintiff conceded the point and withdrew the Fourth Count (Malicious Prosecution) of the Complaint.** *Id.* **However, Plaintiff opposed dismissal of the Fifth Count (Abuse of Process), correctly arguing that Defendants failed to provide any legal or factual basis supporting dismissal of the abuse of process claim.  [Dkt. No. 15].**

**Although Local Rule 7(d) is clear that reply memoranda "must be strictly confined to a discussion of matters raised by the responsive brief," two weeks after Plaintiff filed its objection pointing out Defendant's error, on September 15, 2014, Defendants filed an eight page document purporting to be a "Supplemental Memorandum" in Support of their Motion to Dismiss in a thinly-veiled attempt to rectify its error in failing to make a legal argument for the dismissal of the Fifth Count.  [Dkt. No. 20].  On March 5, 2015, while the Court was in the process of drafting a ruling on the initial Motion to Dismiss, Defendants then filed yet another document, also titled "Supplemental Memorandum" seeking, for the first time, dismissal of Count Six (*Monell*) and Count Eleven (Negligence) of the Complaint.  [Dkt. No. 31].  This, too, was in contravention of Local Rule 7(d).**

**Thereafter, on March 9, 2015, the Court entered an Order denying Defendants' Motion to Dismiss as moot, because of Plaintiff's agreement to withdraw Count Four, and noting that Defendants' supplemental memoranda at**

2

Docket Nos. 20 and 31 would not be considered by the Court because they were procedurally improper. The Court held:

> "These memoranda are not supplemental but instead seek dismissal of counts not the subject of Defendants' original Motion to Dismiss, and Defendants have failed to cite any authority permitting them to assert new arguments not made in their original motion after Plaintiff filed his opposition. . . ." [Dkt. No. 33].

On March 10, 2015, Defendants filed a Motion for Leave to file an Additional Motion to Dismiss [Dkt. No. 34], and a "Supplemental Memorandum of Law" in support of that Motion [Dkt. No. 35], arguing that because the Court had not yet ruled on the Motion to Dismiss, it could consider the newly-raised arguments. On March 26, 2015, this Court entered an order denying Defendants' Motion for Leave. [Dkt. No. 36]. The court noted that the case cited by Defendants in support of their argument involved newly-issued Supreme Court precedent which impacted the issues raised on the initial Motion to Dismiss, circumstances not at issue in this case.

Now, more than nine months after this Court's Order denying the Motion for Leave, Defendants seek yet another bite at the same motion to dismiss apple through this untimely Motion for Reconsideration. For the following reasons, the Defendants' Motion for Reconsideration is DENIED.

II.   Discussion

Local Rule 7(c) provides that a Motion for Reconsideration must be filed and served within 14 days of the Order from which the relief is sought. *See* L. R. Civ. P. 7(c)(1). The instant Motion is approximately 250 days past its prime.

3

**Nonetheless, because Defendants now claim that they were misled as to the status of their argument supporting dismissal, the Court will explain several additional reasons for denying the relief sought.**

The grounds justifying grant of reconsideration are: "(1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice." *Virgin A. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992), *quoting* 18B Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 4478 (2d ed. 2007). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The manifest reason for this rule is to prevent piecemeal and wasteful re-litigation of issues and to promote order, fairness, finality and judicial efficiency. The procedural history of this very case epitomizes the need for this rule.

Defendants in the instant Motion seek to re-litigate for the third time an issue that has now already been decided twice. Rule 12(g) prevents a party from "raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Defendants once again provide no good cause for their failure to include arguments supporting dismissal of Counts Five, Six or Eleven of the Complaint in their initial Motion to Dismiss. Further, Defendants have raised no new issues of controlling law and have pointed to no clear error or manifest injustice that would justify reconsideration of an Order that this Court has already issued. Rather, Defendants argue that the Court was

4

"mistaken" in holding that the initial Motion to Dismiss did not seek to dismiss Count Five.

The Court was not mistaken then, and is still not mistaken now.  The initial Motion to Dismiss contained no more than a mere mention of Count Five while conflating Count Five to be part of Plaintiff's malicious prosecution claim (Count Four).  That mention does not, as Defendants urge, mean that Defendant's Motion to Dismiss was never ruled upon as to Count Five, and therefore somehow remains "very much alive."  [Dkt. No. 48 at 5]. Such arguments are specious and wasteful of judicial resources.  The issue is not whether the initial motion contained mere *mention* of seeking dismissal of Count Five, but the fact that the initial motion contained no *argument* supporting dismissal of Count Five.[1]  If a litigant needed only to 'mention' the portions of the Complaint it sought to dismiss in order to indefinitely preserve the opportunity to file 'supplemental' briefing, then a motion to dismiss would be little more than a table of contents.[2]

---

[1] Nor can the argument in Defendants' initial Motion to Dismiss be read to support dismissal of both Count Four and Count Five.  On the contrary, in one case repeatedly cited by Defendants' in the three pages of argument in their initial Motion, including in a block quotation, a court in this District dismissed a malicious prosecution claim due to the Plaintiff's failure to show termination of proceedings in her favor, but specifically allowed Plaintiff's abuse of process claim to proceed.  *See Davis v. United States*, No. 3:05CV1537 (PCD), 2006 WL 2223934, at *4 (D. Conn. July 31, 2006).  If Defendants had read the case that they had repeatedly cited, they would have recognized that Courts in this jurisdiction view the two allegations as distinct.

[2] Even if the Court viewed Defendants' first "supplemental" memorandum as a reply brief, and its arguments supporting dismissal of the abuse of process claim as part of a response to Plaintiff's Opposition memorandum, the result would be the same.  A litigant may not raise arguments for the first time in a reply

5

More egregious still is Defendants' attempt to file serial motions to dismiss with regard to Counts Six and Eleven.  Defendants argue that because, in their legally unsupported view, Count Five "STILL has not been ruled upon," consideration of the arguments contained in the second "supplemental" memorandum and re-incorporated in the Motion for Leave that the court has already rejected "is entirely appropriate at this time."  [Dkt. No. 48 at 6] (emphasis original).  The Court disagrees.

The Federal Rules of Civil Procedure "contemplate a single pre-answer motion in which the defendant asserts all the Rule 12 defenses and objections that are then available to him or her."  5C Fed. Prac. & Proc. Civ. § 1385 (3d ed.), *citing* Fed. R. Civ. P. 12(g).  "The ban against successive pre-answer motions extends to the three 'substantial defenses' listed in Rule 12(h)(2)" including failure to state a claim under Rule 12(b)(6).  *Id.*

Although Defendants are correct that they have not *waived* 12(b)(6) arguments not raised in their initial Motion to Dismiss pursuant to Rule 12(h), the plain text of Rule 12(h)(2) clearly provides that the defense of failure to state a claim may be raised "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion [for judgment on the pleadings] under Rule 12(c); or (C) at trial."  Fed. R. Civ. P. 12(h)(2).  Defendants may pursue any avenues available to them under Rule 12(h) – in denying Defendants' Motion for Reconsideration, the Court does

---

memorandum, even where that memorandum is disingenuously styled as "supplemental."  *See* Local Rule 7(d).  Defendants' perfectly reasonable arguments supporting dismissal of the abuse of process claim under Connecticut law were never raised in the initial Motion.

6

not deprive the Defendants from raising their arguments in a procedurally appropriate Motion for Judgment on the Pleadings or at trial, presuming, of course, Defendants are able to file one motion incorporating the arguments they wish to incorporate rather than through wasteful piecemeal litigation.  Any such filings permitted by Rule 12(h) should direct the Court's attention to substantive legal issues rather than requiring the Court to explain the plain text of the Federal Rules of Civil Procedure.

### III. Conclusion

Accordingly, Defendants' Motion for Reconsideration of the Court's denial of its Motion for Leave to File an Additional Motion to Dismiss [Dkt. 48] is DENIED with prejudice.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 1, 2016