UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CODY GREENE, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:14-CV-01016 (VLB) |
|   v. | : | |
| | : | |
| CITY OF NORWALK, et al. , | : | February 14, 2017 |
|     Defendants | : | |

### MEMORANDUM AND ORDER

I.    **Introduction**

Plaintiff Cody Greene brought this action on July 16, 2014, in an eleven count Complaint alleging various claims against the City of Norwalk (the "City") and four individual Police Officers ("Defendant Officers") employed by the City. The case arises from Plaintiff's arrest on July 18, 2012 and the alleged use of force by the officers involved in his arrest.  [Dkt. No. 1].  Several motions implicating the case schedule are before this Court:

> (1) Defendants move to preclude Plaintiff from offering expert testimony at trial, because Defendants claim that Plaintiff failed to timely produce expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(D).  [Dkt. Nos. 61 and 62].

> (2) Plaintiff moves to strike the Defendants' Answers and Special Defenses [Dkt. Nos. 67 and 69] as untimely and to deem the allegations in the Amended Complaint admitted, on the grounds that the Answers were not timely filed.  [Dkt. Nos. 70 and 71].

1

(3) Plaintiff moves to stay the deadline for filing dispositive motions and to reopen discovery, claiming that additional discovery is required in light of Defendants' late filing of their Answers.  [Dkt. No. 77].

(4) Plaintiff moves for an order deferring the Court's consideration of the City's Motion for Summary Judgment, on the grounds that Plaintiff needs additional discovery to uncover facts essential to its opposition.  [Dkt. No. 89].

All of these motions are DENIED.

## II.  Background

The Court has faced formidable challenges in managing this case.  The parties have persistently refused to comply with the Federal Rules of Civil Procedure, the District of Connecticut Local Rules, and the Court's scheduling orders.  First, Defendants filed successive procedurally improper motions to dismiss, mistitled "supplemental" memoranda, in an attempt to dismiss the Plaintiff's claims on different theories well after the time to file a motion to dismiss had expired.  Second, Defendants filed their Answers to Plaintiff's Amended Complaint many months after the deadline set forth in the Federal Rules of Civil Procedure, admitting "simple inadvertence" as an excuse.  Third, Plaintiff failed to diligently pursue expert discovery during the lengthy period afforded him to do so.

**A.  Defendants Filed Procedurally Inappropriate Motions to Dismiss Certain Counts of the Complaint**

This case was filed nearly three years ago, on July 16, 2014.  [Dkt. No. 1].

The summons was served on the Defendants and on July 24 the summons was

returned to the Court.  [Dkt. No. 9].  On August 15, 2014, Defendants filed a Motion

to Dismiss the Fourth Count (Abuse of Process) and Fifth Count (Malicious

Prosecution) of the Complaint.  [Dkt. No. 10].  The memorandum of law in support

of the Motion to Dismiss contained just three pages of argument.  *Id.*  Defendants

conflated the Fourth and Fifth Counts of the Complaint and argued only for

dismissal of Plaintiff's malicious prosecution claim.  *See id.* at 1 ("In the Fourth

and Fifth Claims for Relief the plaintiff alleges that the defendants are liable upon

a theory of malicious prosecution").  The sole argument made by the defense in

support of the Motion to Dismiss was that in order for a plaintiff to state a valid

malicious prosecution claim, a plaintiff must show "that the criminal proceedings

were terminated in their favor."  *Id.* at 3 (citing *Inkel v. Connecticut Dep't of

Children & Families*, 421 F. Supp. 2d 513, 522 (D. Conn. 2006)).  In his September

4, 2014 Opposition, Plaintiff withdrew the Fourth Count (Malicious Prosecution) of

the Complaint.  [Dkt. 15 at 2].  However, Plaintiff opposed dismissal of the Fifth

Count (Abuse of Process), correctly arguing that Defendants failed to provide any

legal or factual basis supporting dismissal of the abuse of process claim.  [Dkt.

No. 15].

Although Local Rule 7(d) is clear that reply memoranda "must be strictly

confined to a discussion of matters raised by the responsive brief," two weeks

after Plaintiff filed its objection pointing out Defendants' error, on September 15,

3

2014, Defendants filed an eight page successive motion to dismiss, for the first time making a legal argument for the dismissal of the Fifth Count.  This second motion to dismiss was disingenuously entitled "Supplemental Memorandum of Law in Support of Motion to Dismiss" in a thinly-veiled attempt to rectify its error in failing to make a legal argument for the dismissal of the Fifth Count.  [Dkt. No. 20].  On March 5, 2015, after the Court had virtually completed its ruling on the initial motion to dismiss, which was delayed by consideration of the first successive motion to dismiss, Defendants filed a second successive motion to dismiss, again mistitled "Supplemental Memorandum," seeking, for the first time, dismissal of Count Six (*Monell*) and Count Eleven (Negligence) of the Complaint. [Dkt. No. 31].  This, too, was in contravention of Local Rule 7(d).

Thereafter, on March 9, 2015, the Court entered an Order denying Defendants' Motion to Dismiss as moot, because of Plaintiff's agreement to withdraw Count Four, and noting that Defendants' supplemental memoranda at Docket Nos. 20 and 31 would not be considered by the Court because they were procedurally improper.  [Dkt. No. 33]. The Court held:

> "These memoranda are not supplemental but instead seek dismissal of counts not the subject of Defendants' original Motion to Dismiss, and Defendants have failed to cite any authority permitting them to assert new arguments not made in their original motion after Plaintiff filed his opposition. . . ." *Id.*

The pleadings having been closed, the Court also ordered the Plaintiff to clarify the record by filing an Amended Complaint omitting the withdrawn malicious prosecution claim.  *Id.*

4

The following day, on March 10, 2015, Defendants importunately filed a motion for leave to file a third successive motion to dismiss [Dkt. No. 34], and a "supplemental memorandum of law" in support of that motion [Dkt. No. 35], curiously arguing that because the Court had not yet ruled on the Motion to Dismiss, it could consider the newly-raised arguments.  On March 26, 2015, this Court entered an order denying Defendants' Motion for Leave.  [Dkt. No. 36].  The Court's order stated that the second successive motion to dismiss was in contravention of Rule 12(g), and noted that the Defendants' reliance on *Malin v. XL Capital Ltd.*, No. 3:03 CV 2001 PCD, 2005 WL 2146089 (2005), was misplaced. In that case, leave was permitted on the basis of a change of law articulated in a United States Supreme Court decision published after the original motion to dismiss.  The order further explained that the Defendants neither claimed nor could claim that there was an intervening change of law to justify a second successive motion to dismiss.  The Court advised the Defendants that they could raise the issues not raised in their motions to dismiss in a motion for summary judgment or other proper procedural vehicle.

In utter disregard for the authority and efforts of the Court to rule on motions and manage its docket, and further, without any basis in law or fact, on December 31, 2015, Defendants filed a motion entitled "Motion for Reconsideration" seeking to re-litigate for the third time its failure to include arguments supporting dismissal of Counts Five, Six or Eleven of the Complaint in their initial Motion to Dismiss.  [Dkt. No. 48].  This motion too was unavailing, as it failed to meet the long recognized and well established standard for a motion for

5

reconsideration.  *See, e.g., Virgin Atl. Airways v. National Mediation Board,* 956
F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are
an intervening change of controlling law, the availability of new evidence, or the
need to correct a clear error or prevent manifest injustice.").  Defendants raised
no new facts or issues of controlling law and pointed to no clear error or manifest
injustice that would justify reconsideration, arguing instead that the Court was
"mistaken" in holding that the initial Motion to Dismiss did not seek to dismiss
Count Five, despite the fact that the Defendant made no argument in its original
motion to dismiss upon which the Court could have dismissed Count Five.  [Dkt.
No. 55].  Immediately after Defendants filed their motion for reconsideration, the
Court instructed the parties to proceed as if the orders Defendant asked the Court
to reconsider were the law of the case.  [Dkt. No. 49].  The Court later denied
Defendants' motion, calling it "specious and wasteful of judicial resources."  [Dkt.
No. 55 at 5, 7].  Considering the admonition sufficient, the Court did not impose
sanctions.  *See id.*

> **B.  Defendants Failed to Timely File Answers to Plaintiff's Amended
> Complaint**

On March 9, 2015, the Court ordered the Plaintiff to file an Amended
Complaint.  [Dkt. No. 33].  The Plaintiff did not file his Amended Complaint until
January 8, 2016.  [Dkt. No. 51].  As ordered by the Court, the Amended Complaint
was identical to the original Complaint, except that the malicious prosecution
count was omitted.  Federal Rule of Civil Procedure 15(a)(3) requires that an
answer to an amended complaint be filed within 14 days after service.
Notwithstanding, the Defendants did not file their Answers until May 3, 2016,

6

more than two years after the case was filed, more than a year after the pleadings were closed, and on the same day the Plaintiff filed a Motion for Default Entry. [Dkt. Nos. 66-69].  The Answers were filed 116 days after Plaintiff filed his Amended Complaint, and 63 days after the Court entered its Order Denying Defendants' "Motion for Reconsideration."  *Id.*  On May 4, 2016, Plaintiff moved to strike Defendants' answers and special defenses as untimely and deem the allegations in the Amended Complaint admitted.  [Dkt. No. 70].  On May 5, 2016, the Court denied Plaintiff's Motion for Default as moot, because the Defendants had filed their Answers to the Amended Complaint.  [Dkt. No. 75].  Between the deadline for Defendants to file their Answers and May 2, 2016, the parties filed numerous discovery related motions, including the two pending motions to exclude Plaintiff's expert testimony.  [*See, e.g.*, Dkt. Nos. 52, 56, 59, 61, 62, 66].

### C. Plaintiff Failed to Diligently Pursue Expert Discovery

Despite the lengthy period of time granted for fact and expert discovery— much longer than allotted for more complex cases—Plaintiff failed to meet his expert disclosure obligations in a timely manner.  Then, within a four month period, Plaintiff filed eight separate motions intended to convince the Court to reopen discovery.  [*See* Dkt. Nos. 56, 59, 70, 71, 77, 78, 89, 94].  The tortured history of the Court's repelled efforts to manage this case continues as follows.

On September 4, 2014, the parties filed a Report of Parties' Planning Meeting pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.  [Dkt. No. 17].  This report stated that:  (1) Plaintiff intended to call expert witnesses at trial; (2) Plaintiff would produce expert reports by March 15, 2015; and (3)

7

depositions of Plaintiff's experts would take place by June 15, 2015.  *Id.* at 11. Defendants agreed in turn to produce expert reports by May 15, 2015, and that depositions of their experts would conclude by July 15, 2015.  *Id.*  The parties agreed that fact discovery would close on June 15, 2015.  *Id.*  On September 9, 2014, the Court approved the parties' Rule 26(f) report, and entered a scheduling order setting case management deadlines.  [Dkt. No. 19].  The Court entered a scheduling order with a deadline to complete all discovery, leaving the parties the flexibility to manage their own internal discovery deadlines.  *Id.*  The order expressly and unequivocally stated that "[d]iscovery shall be completed by 6/15/15."  *Id.*

On October 8, 2014, Plaintiff filed the first of many motions for extension of time, seeking an extension of the deadline to respond to Defendants' First Set of Interrogatories and Requests for Production.  [Dkt. No. 21].  Although Plaintiff did not make a particularized showing of good cause, as required by Local Rule 7(b), the Court granted this motion on October 9, 2014.  [Dkt. No. 22].  On November 7, 2014, the Defendant Officers filed a motion seeking an extension of time to respond to Plaintiff's First Set of Interrogatories and Requests for Production, similarly failing to comply with Local Rule 7(b).  [Dkt. No. 23].  The Court granted this motion on November 10, 2014.  [Dkt. No. 24].

Thereafter the parties brought a number of discovery disputes to the Court's attention, filing motions for discovery conferences on December 31, 2014, January 15, 2015, and April 22, 2015.  [Dkt. Nos. 27, 29, and 37].  These discovery disputes concerned the production of third-party witness statements in the

8

Plaintiff's possession, the propriety of objections to Defendants' interrogatories regarding the Plaintiff's arrest history, and whether Plaintiff intended to pursue a claim for lost wages.  *Id.*  Neither party raised concerns regarding expert discovery with the Court prior to the filing of Defendants' motions to preclude the testimony of Plaintiff's experts.

On May 12, 2015, Defendants filed a consent motion to extend all scheduling order deadlines by approximately nine months, on the grounds that the Plaintiff had not reached maximum medical improvement for injuries allegedly sustained nearly three years earlier, during his July 18, 2012 arrest.  [Dkt. No. 42 at 2].  The Court granted this motion, and issued an Amended Scheduling Order on May 19, 2015.  [Dkt. Nos. 43, 44].  The Amended Scheduling Order again provided the parties with one date for the close of all discovery, stating that "[d]iscovery shall be completed by 3/15/16."  [Dkt. No. 44].

On December 17, 2015, Plaintiff filed yet another motion requesting additional time to respond to Defendants' requests for admissions, which the Court granted while noting that the discovery deadline set forth in the Court's Amended Scheduling Order, extension of which was not sought, would remain unchanged.  [Dkt. Nos. 46, 47].

On March 1, 2016, just two weeks before the scheduled close of discovery, 8.5 months after the original deadline for the close of discovery, and 1.5 years after this case was filed, Plaintiff requested that the entire case schedule be extended by six months to accommodate expert discovery, which Plaintiffs

9

appeared not to have initiated.  [Dkt. No. 56].  The Court denied this motion,

stating:

> Local Rule 7 requires parties to show good cause for an extension of time,
> necessitating a particularized showing of due diligence.  The parties have
> not explained how they were unable to schedule the "3-4" additional
> "necessary" depositions they purport to require within that 20 month
> period of time or within the eight month extension they originally
> requested.  Nor have they explained why the Plaintiff's expert would need
> an additional six months to prepare his or her report. This is an excessive
> force claim, and not a complex securities class action.

[Dkt. No. 58].

On March 15, 2016, the day that discovery closed, Plaintiff served expert

disclosures for Paul Himmelfarb, M.D., Jeff R. Blank, Ph.D., Kimberlee J. Sass,

Ph.D., and served a "preliminary expert disclosure" for Michael Levine that did

not comply with the requirements of Rule 26(a)(2)(B).  [Dkt. No. 64 at 12-13].

Plaintiff also filed yet another motion for an extension of time to allow Mr. Levine

to prepare and serve proper expert disclosures.  [Dkt. No. 59].  The Court denied

this motion on the grounds that the interests of resolving this case efficiently

outweighed Plaintiff's desire for an extension, because substantial discovery had

already been conducted.  [Dkt. No. 60].  By the close of discovery, Plaintiff had

deposed 22 witnesses.  [Dkt. No. 86 at 15].

Defendants then filed the instant motions to preclude the testimony of

Plaintiff's experts on the grounds that the expert disclosures were untimely, and

in Mr. Levine's case, inadequate.  [Dkt. No. 61, 62].  Defendants argue that the true

expert disclosure deadline was March 15, 2015, the date agreed to by the parties

in their Rule 26(f) report.  [Dkt. Nos. 61-1 at 5, 62-1 at 2].  Plaintiff argues that the

Court did not provide a date for the close of expert discovery in either of its

**10**

Scheduling Orders, triggering the deadline of 90 days before trial set forth in Rule 26(a)(2)(D).  [Dkt. No. 64 at 6].  Plaintiff also claims that while he served Dr. Sass's expert report on March 15, 2016, he served an identical copy of this report on July 15, 2015.  [Dkt. No. 64 at 9].

On May 10, 2016, Plaintiff filed an "Emergency Motion to Stay the Deadline for Filing Dispositive Motions and to Reopen Discovery."  In this motion, Plaintiff argued that because the Defendants filed their answers after the discovery deadline, Plaintiff should be able to reopen expert discovery to allow Mr. Levine to complete his expert report, and to investigate Defendants' affirmative defenses.  [Dkt. No. 77 at 2].  The Court did not rule on this motion prior to the deadline for filing dispositive motions.  Defendants filed motions for summary judgment on May 17, 2016.  [Dkt. No. 78-79].  Plaintiff requested an extension of time in which to file his responses, which the Court granted even though Plaintiff failed to show good cause for an extension as required by Local Rule 7(b).  [Dkt. No. 85].  Plaintiff then filed Rule 56(d) Motions in opposition to Defendants' Motions for Summary Judgment, asking the Court to defer summary judgment to allow additional discovery.

III.    <u>Discussion</u>

The motions now before the Court ask us to address three main issues:  (1) whether Plaintiff's experts should be excluded; (2) whether Defendants' answer should be stricken; and (3) whether the Court can decide Defendants' Motions for Summary Judgment without reopening discovery.  The Court addresses each issue in turn.

11

A.  **Exclusion of Expert Testimony**

Courts consider the following factors when determining whether expert testimony should be excluded:  "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).  "Preclusion is a 'harsh remedy' that 'should only be imposed in rare situations.'"  *Barnett v. Connecticut Light & Power Co.*, No. 3:11-CV-1037 VLB, 2013 WL 1196669, at *1 (D. Conn. Mar. 25, 2013) (quoting *Izzo v. ING Life Ins. & Annuity Co.,* 235 F.R.D. 177, 186 (E.D.N.Y. 2005)).

The Court set forth one deadline for the close of both fact and expert discovery, and left it to the parties to cooperate on a reasonable schedule for expert disclosures within the discovery period.  That the parties did not meaningfully discuss an expert disclosure schedule following the submission of their Rule 26(f) report is baffling, and it is not a legitimate excuse for failing to comply with the Court's scheduling order.  Further, the fact that the parties did not ask the Court to set internal discovery deadlines for the various phases and types of discovery after the scheduling order was issued despite numerous motions to extend deadlines and to challenge other Court orders, renders Plaintiff's reason for failing to comply with the court's scheduling order unpersuasive.

12

Filing expert disclosures on the day discovery closes is contrary to the spirit of the Federal Rules of Civil Procedure, and it effectively ambushes the Defendants, depriving them of the opportunity to rebut testimony critical to the disposition of this case.  Plaintiff's purported belief that the discovery deadline was 90 days before trial, pursuant to Rule 26(a)(2)(D), is also unpersuasive in light of the lengthy discovery period the Court granted the parties at their own request, and disingenuous in light of the Amended Scheduling Order's plain language.

While the Court believes that the parties' failure to timely conduct expert discovery is inexcusable, excluding Plaintiff's experts is needlessly harsh— particularly in view of the seriousness of the allegations in this case.  Defendants' Motions to Preclude Expert Testimony are therefore DENIED.

## B.  Defendants' Answers and Special Defenses

"Strong public policy favors resolving disputes on the merits."  *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir.1996).  Because striking a defendant's answer is closely analogous to a default judgment, a party seeking to file a late answer should be afforded an opportunity to present mitigating circumstances.  *Graves v. Corr. Med. Serv.*, No. 11-CV-1005A M, 2015 WL 1823456, at *2 (W.D.N.Y. Apr. 22, 2015), *aff'd*, No. 15-1621, 2016 WL 3472602 (2d Cir. June 24, 2016) (citing *Pension Benefit Guaranty Corp. v. Canadian Imperial Bank of Commerce,* 1989 WL 50171, at *2 (S.D.N.Y. 1989)).  Factors relevant to whether the Court should permit a party to file a late answer include: (1) whether the failure to answer was willful; (2) whether the defendant has a meritorious

**13**

defense; and (3) whether the plaintiff would be prejudiced by allowing the defendant to enter the proceedings at this late date." *Id.*

These three factors counsel against granting Plaintiff's Motion to Strike. First, Defendants' claim that their failure to file an answer was "simple inadvertence" is credible, especially in light of (1) Defendants' failure to raise their objections to Plaintiff's Complaint in a timely or procedurally appropriate motion to dismiss; (2) Plaintiff's failure to file an Amended Complaint until nine months after being instructed to do so; and (3) Plaintiff's failure to conduct expert discovery within the time allotted to do so.  First, although the attorneys for both parties have exhibited a distressing lack of diligence and professionalism, there is no evidence on the record that their conduct was willful.  In regard to the Motion to Strike the Answer and Special Defenses, it is particularly noteworthy that the Plaintiff did not file a motion for default until immediately after counsel for the Defendants alerted the Plaintiff's attorney, in a May 2, 2016 email, that the Defendants had failed to file their answers to the Amended Complaint.  [Dkt. No. 72 at 5].  Second, no party has argued that the Defendants' defenses lack sufficient merit to avoid default.  Third, Plaintiff's claims of prejudice are wholly theoretical.  He concedes that Defendants' defenses are "those type [sic] of defenses asserted in these type [sic] of cases" and provides no examples of defenses that Plaintiff has not anticipated.  [Dkt. No. 76 at 3-4].  Plaintiff therefore will not suffer prejudice if Defendants' Answers and Special Defenses are not stricken.  By extension, because the Defendant has raised no defenses that the

14

Plaintiff did not anticipate from the onset of this case, reopening discovery is unwarranted.  Plaintiff's Motion to Strike is therefore DENIED.

### C. Summary Judgment

Plaintiff's Motion to Strike was a transparent attempt to re-litigate the Court's denial of Plaintiff's request for additional time to conduct discovery.  [*See* Dkt. Nos. 56, 59].  Plaintiff brought his Rule 56(d) motions, [Dkt. Nos. 89, 94], and his "Emergency Motion" to Stay the Deadline for Filing Dispositive Motions and to Reopen Discovery, [Dkt. No. 77], for the same purpose.  The Plaintiff has not shown that he did not have ample time to conduct discovery.  Any prejudice which may result from a denial of further time to conduct discovery is a consequence of the manner in which the Plaintiff chose to use the ample time already allotted.

Federal Rule of Civil Procedure 56(d) provides that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or to take discovery; or (3) issue any other appropriate order."  None of Plaintiff's justifications for failing to complete discovery within the time provided in the Amended Scheduling Order are legitimate or reasonable.  Rule 56(d) was not intended to permit a party who has been able to obtain voluminous discovery over the course of 20 months to avoid summary judgment or reopen discovery. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (stating that where a motion for summary judgment was filed a full year after an action commenced, and the

**15**

parties had conducted discovery, "no serious claim can be made that respondent was in any sense 'railroaded' by a premature motion for summary judgment"); *U.S. ex rel. Fisher v. Network Software Assocs.*, 227 F.R.D. 4, 9 (D.D.C. 2005) (Rule 56(d)'s purpose "is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery."). Plaintiff's 56(d) Motions, [Dkt. Nos. 89, 94], and Emergency Motion to Stay the Dispositive Motions Deadline and Reopen Discovery, [Dkt. No. 77], are therefore DENIED.

IV.   <u>Conclusion</u>

For the foregoing reasons, the Court enters the following orders:

(1) Defendants' Motions to Preclude Expert Testimony [Dkt. Nos. 61 and 62] are DENIED.

   a. To prevent prejudice to the Defendants from Plaintiff's failure to comply with discovery deadlines, the Court reopens discovery for the sole purpose of conducting the expert discovery described below, on the following schedule:

      i. Within 21 days of the date of this Order (March 7, 2017), Plaintiff shall serve upon the Defendants the expert report of Mr. Levine.

      ii. Within 28 days of the date of this Order (March 14, 2014), Plaintiff shall submit to an independent medical exam (S), on a date set by the Defendants.

16

iii.  Within 35 days of the date of this order (March 21, 2017), Plaintiff shall produce Mr. Levine, Dr. Sass, Dr. Himmelfarb, and Dr. Blank for deposition by the Defendants.

iv.  Within 70 days of the date of this order (April 25, 2017), Defendants shall serve the reports of their rebuttal experts on the Plaintiff.

v.  Within 105 days of the date of this order (5/30/2017), Defendants shall produce their rebuttal experts for deposition by the Plaintiff.

vi.  To accommodate expert discovery as set forth in this Order, the Court hereby (1) extends the deadline for the parties to file their Joint Trial Memorandum ("JTM") to May 18, 2017; and (2) extends the date set for Jury Selection to June 27, 2017.  The Court recognizes that the JTM may be due before the depositions of Defendants' experts have concluded.  In view of the fact that the Court has repeatedly indulged the parties' requests to extend its deadlines, and the fact that the Court has further indulged the parties by extending the deadlines to enable the parties to complete medical expert discovery, the Court is *strongly disinclined* to grant any further extensions and parties are strongly discouraged from seeking any further extensions.

17

      vii.  **If the parties are unable to complete the medical expert discovery within the timeframes stated above they are ordered to notify the Court within seven (7) days of the date of this order.  If the parties fail to comply with this directive, Section vi will be VACATED and the case will proceed to trial.**

(2) **Plaintiff's Motions to Strike Answer to Amended Complaint and Special Defenses [Dkt. Nos. 70 and 71] are DENIED.**

(3) **Plaintiff's Emergency Motion to Stay Deadline for Filing Dispositive Motions and to Reopen Discovery is DENIED.**

(4) **Plaintiff's Rule 56(d) Motions in Response to Defendants' Motions for Summary Judgment [Dkt. Nos. 89 and 94] are DENIED.**

**IT IS SO ORDERED.**


_____/s/_____

**Hon. Vanessa L. Bryant**
**United States District Judge**


**Dated at Hartford, Connecticut:  February 14, 2017**

**18**